MEMORANDUM OPINION
{¶ 1} This matter is before this Court upon appellants' notice of appeal, which was filed on July 26, 2005. Appellants indicate on their notice of appeal that they are appealing a June 29, 2005 judgment. In that entry, the trial court ordered that the June 9, 2005 judgment entry granting summary judgment for appellees stands, and also finds that appellants' request for an extension of time to respond to appellees' motion for summary judgment is not well-taken. Appellants' never filed an appeal from the June 9, 2005 judgment entry.
 {¶ 2} App.R. 4(A) states:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} App.R. 4(B)(2) states in relevant part:
 {¶ 5} "* * * In a civil case or juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c) of the Ohio Rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
 {¶ 6} It is well-settled that there are certain exceptions to the thirty-day rule in filing a notice of appeal on a particular judgment pursuant to App.R. 4(B)(2). Nowhere in the rules is there a provision that allows for the appeal time to be tolled by filing a motion for extension of time to respond to a motion for summary judgment and waiting for the trial court to rule on such a motion. However, the appeal time could have been tolled if appellants had not been properly served with the June 9, 2005 judgment within the three-day period in Civ.R. 58(B). See Loc.R. 3(D)(2) of the Eleventh District Court of Appeals. Appellants have not indicated that that was the situation in the instant matter.
 {¶ 7} In fact, instead of filing a timely appeal from the June 9, 2005 judgment granting summary judgment to appellees, appellants requested an extension of time to respond to appellees' motion for summary judgment and waited for the trial court to rule on that motion. Subsequently, on June 29, 2005, the trial court denied the motion for extension of time. Clearly, appellants are now attempting to circumvent the process of appeal and extend the strict limits of App.R. 4(A) by appealing the June 29, 2005 order since their Docketing Statement indicates that the issue on appeal is: "improper finding for Summary Judgment against Appellant."
 {¶ 8} Appellants' time to appeal the June 9, 2005 judgment has run since the thirty-day time limit in App.R. 4(A) has expired, and no exceptions to that rule have been satisfied. Therefore, this Court lacks jurisdiction as this appeal is untimely.
 {¶ 9} Based upon the foregoing analysis, this appeal is hereby dismissed sua sponte.
 {¶ 10} Appeal dismissed.
Rice, J., O'Toole, J., concur.